**JIAN WEI SHI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales,\* Respondents.**

**Docket No. 03–4208.**

United States Court of Appeals, Second Circuit.

Aug. 15, 2005.

---

\* The Clerk of this Court is directed to alter the caption to reflect the recent replacement of

330

Yee Ling Poon (Robert Duk–Hwan Kim on the brief), New York, N.Y. (on submission), for Petitioner.

Beverly Wee Sameshima, Assistant United States Attorney (Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, on the brief), Honolulu, HI (on submission), for Respondent.

PRESENT: POOLER, SOTOMAYOR, Circuit Judges, and KORMAN, District Judge.**

### SUMMARY ORDER

Petitioner Jian Wei Shi petitions for review from an order of the BIA dated January 7, 2003, denying his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We assume the parties' familiarity with the facts and procedural history.

Because the BIA summarily affirmed the Immigration Judge (IJ)'s denial of Shi's asylum and withholding claims, as allowed by 8 C.F.R. § 1003.1(e)(4)(i), we review the IJ's decision directly as to those claims. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Our review is for substantial evidence, and we may reverse "only if no reasonable fact-finder" would have reached the same result. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted). To establish eligibility for asylum, Shi was required to demonstrate either a well-founded fear of future persecution in China or past persecution giving rise to a rebuttable presumption of such a well-founded fear. *See Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003). Lack of eligibility for asylum would automatically mean that Shi was not entitled to withholding. *See id.*

We have reviewed the record and find that the BIA's affirmance of the IJ's adverse credibility determination is supported by substantial evidence. Shi admittedly testified falsely under oath regarding his possession of a Chinese passport, in support of his claim for voluntary departure. The IJ noted that the "tone and

---

former respondent John Ashcroft as United States Attorney General.

** The Honorable Edward R. Korman, Chief Judge of United States District Court for the

Eastern District of New York, sitting by designation.

specificity" of his testimony in support of his asylum claim did not appear any different from the "tone and specificity" of the testimony when he was admittedly lying. We owe substantial deference to the IJ's finding that Shi's demeanor was not that of a credible witness. *See Zhang v. United States INS,* 386 F.3d 66, 73 (2d Cir.2004).

We have considered the petitioner's other contentions and find them meritless.

For the foregoing reasons, the petition for review is DENIED.